**JACK WALKER TRUCKING SERVICE, INC., et al., Appellants,**

v.

**Ryder STRONG, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

George M. Catlett, William A. Young, Frankfort, for appellants.

B. Robert Stivers, London, John D. Darnell, Frankfort, for appellee.

CULLEN, Commissioner.

A truck loaded with 600 cases of beer overturned in an accident in the city of Hazard. The driver was arrested on a charge of unlicensed transportation of malt beverages, KRS 243.020, 243.990, and the truck and cargo were impounded by a field agent of the Kentucky Department of Alcoholic Beverage Control. Subsequently, the driver was tried on the charge of unlicensed transportation, and was *acquitted*. The driver and his employer then demanded the return of the truck and cargo, but the field agent refused to do so, asserting that the truck and cargo had been confiscated as contraband. Thereafter, the driver, his employer, the consignor of the beer cargo, and the consignee of the cargo, joined in suit against the field agent demanding possession of the truck and cargo.

The consignor did not actively participate in the suit, however, and eventually withdrew, alleging that it had never authorized its joinder as a plaintiff. Judgment was entered denying the plaintiffs' claim and adjudging that the truck and cargo were forfeited, as contraband, to the Alcoholic Beverage Control Board. The truck driver, his employer, and the consignee of the cargo of beer have appealed.

The consignee of the cargo of beer was Eugene Mastin, d/b/a G & C Distributing Company. He held a valid malt beverage distributor's license, and his place of business was at Cumberland, Kentucky. Being out of beer, he called McKinney Distributing Company of Lexington, Kentucky, and arranged to buy 600 cases of beer from McKinney. However, Mastin was told by McKinney that the latter had no equipment available with which to deliver the beer to Cumberland. Mastin then called Jack Walker Trucking Service, Inc., of Lexington, which was a duly certificated common motor carrier with proper authorization to transport malt beverages, and asked Walker to transport to Cumberland the beer obtained from McKinney. Walker did not have any of its regular equipment immediately available for that purpose, but at Mastin's insistence Walker agreed to rent a truck from the Hertz car and truck rental company and deliver the beer. The beer was loaded on the rental truck at McKinney's warehouse and Walker's driver commenced the journey with the load to Cumberland. It was on this trip that the accident occurred in Hazard, resulting in the driver's arrest and the impounding of the truck and cargo.

The arrest and the impounding of the truck and cargo arose out of the fact that the requirements necessary to qualify the truck for use in transporting malt beverages, such as its being identified by certain marks or signs, had not been complied with.

The significant fact in the case is the driver's *acquittal* of the charge of illegally transporting alcoholic beverages. KRS 244.190 provides that "contraband" (which the truck and cargo were alleged to be under KRS 244.180(3) and (7)) seized by a peace officer or ABC agent shall be held subject to the order of the court before which the owner or one in possession of the contraband has been charged with a violation of the alcoholic beverage law; and that *upon conviction* of the defendant the court shall enter an order vesting title in the Alcoholic Beverage Control Board. KRS 244.200(4) provides as follows:

"(4) If the defendant is acquitted, no property seized as contraband in connection with the arrest of the defendant shall be ordered returned or restored unless the person from whose possession the property was taken proves that he was in lawful possession of the property, and if no other person appears and proves that he owns the property or has a valid recorded lien on the property and that the property was being used without his knowledge and consent, title shall vest in the board at the end of ninety (90) days."

In substance, the two statutes say that alleged contraband seized in connection with the arrest of the possessor on a charge of violating the alcoholic beverage laws can be confiscated only (1) if the person charged is convicted, or (2) if the person from whose possession the property was taken was not in lawful possession of the property and it was being used with the knowledge and consent of the owner. There was no conviction in the instant case, so confiscation could be ordered only if the person from whose possession the property was taken was not in lawful possession of the property. The appellee argues that the term "lawful possession" as here used means possession not violating the *alcoholic beverage control laws,* and since the truck here in question admittedly was not qualified for lawful transportation of malt beverages the possession by the truck driver was unlawful. In our opinion this could not reasonably be the intent of

**692**

the statute. We think the words "lawful possession" have reference to property-law concepts—possession that is lawful as against other persons claiming an interest in the property. Clearly, the statute could not intend that the very charge of violating the alcoholic beverage control laws on which the possessor had been acquitted could be used as the basis for denying restoration of property seized from him as contraband in connection with his arrest. Such an interpretation would fly squarely in the face of the doctrines of res judicata and double jeopardy.

 The lower court seems to have attached some significance to the fact that on the hearing of the case none of the appellants claimed to have any "financial" interest in the beer or truck. On that basis the court found that McKinney was the "owner" of the beer. We do not consider this to be a significant fact. The statute, KRS 244.200, contemplates return of the seized property to the person from whose *possession* it was taken (provided his possession was "lawful"). In the instant case the truck driver had immediate possession of the beer, and through him the trucking company had constructive immediate possession, and their possession was lawful in the sense that it did not violate the rights of any other claimant to the property. And under KRS 355.2–401 and 355.2–722 the consignee of the beer, Mastin, also had a sufficient right to possession to give him the right to maintain an action for recovery against the field agent.

It appears that the case may be moot as regards the truck, because the appellee states in his brief that Hertz recovered possession of the truck in a proceeding in the Franklin Circuit Court. If, however, that is not the fact, we would consider that the truck driver and the trucking company were the persons from whom the possession of the truck was taken, within the meaning of KRS 244.200, and thus were entitled to have possession restored to them.

The record indicates that the beer was sold by order of the court, pending this litigation, and was purchased by Mastin, the proceeds being paid into court. The judgment recites that the sale was "by agreement of the parties." The appellants deny any such agreement, but we see no significance in the point. Of the appellants, Mastin has the primary interest in the beer, and he obtained possession of it through the court sale. Recovery of the proceeds of the sale paid into court will be adequate relief.

The judgment is reversed with directions for entry of judgment in conformity with this opinion.

All concur.